# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

June 14, 2024

<u>VIA ECF</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Eric R. Komitee, U.S.D.J.
225 Cadman Plaza East
Courtroom 6G North
Brooklyn, NY 11201-1804

>       *Re:*    Hashimi v. Bicu's Playground LLC, *et ano.*
>                <u>Case No.: 1:24-cv-1571 (EK) (RML)</u>

Dear Judge Komitee:

This firm represents the Defendants in the above-referenced case, who respectfully submit this letter motion in accordance with ¶ III(B) of this Court's Individual Rules and Practices (hereinafter the "Individual Rules") to respectfully request a pre-motion conference in anticipation of Defendants' motion to dismiss Plaintiff's Complaint, ECF Docket Entry 1, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule").

## <u>Plaintiff Lacks Standing</u>

"'Standing to sue is a doctrine' that 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'" See <u>Liberian Cmty. Ass'n of Conn. v. Lamont</u>, 970 F.3d 174, 183-84 (2d Cir. 2020) "To establish Article III standing, 'a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.'" See <u>Liu v. Democratic Nat'l Comm.</u>, No. 21-CV-3021, 2022 WL 4372587, at *1 (2d Cir. Sept. 22, 2022).

"[A] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." <u>See Choi's Beer Shop, LLC v. PNC Merck Servs. Co., L.P.</u>, 855 Fed. Appx. 20, 21 (2d Cir. 2021). To seek injunctive and declaratory relief, a plaintiff's standing "depend[s] on whether [that plaintiff] [is] likely to suffer future injury" based on the alleged conduct. <u>See City of Los Angeles v. Lyons</u>, 461 U.S. 95, 105 (1983). The risk of future harm must be "real and immediate," although it need not be certain. <u>See Shain v. Ellison</u>, 356 F.3d 211, 215–16 (2d Cir. 2004) (citations omitted). A plaintiff has standing to seek injunctive relief for disability discrimination "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location." <u>See Bernstein v. City of New York</u>, 621 Fed. Appx. 56, 57 (2d Cir. 2015) (*per curiam*) (<u>citing Kreisler v. Second Ave. Diner Corp.</u>, 731 F.3d 184, 187–88 (2d Cir. 2013)). A plaintiff must make a "substantial showing before determining that future encounters are likely." <u>See Constance v. State Univ. of N.Y. Health Sci. Ctr. at Syracuse</u>, 166 F. Supp. 2d 663, 666 (N.D.N.Y. 2001) (collecting cases).

Here, Plaintiff fails to allege how he suffered a past injury, and instead only alleges that he visited the premises two separate times but his "ability to ambulate through the entrance of the Subject Property was constrained, hindered, and thwarted by the [unidentified] structural barriers;" this is insufficient to allege a past injury.  See ECF Docket Entry 1 at ¶ 5; see also Chamaidan v. Tomy B. Haircare Inc., No. 17-CV-6948, 2019 WL 4917895, at *4 (E.D.N.Y. Sept. 30, 2019) (finding that plaintiff failed to allege a past injury where plaintiff only alleged that she "wanted to enter [d]efendant's public accommodation, however, was unable to because of the existence of an unlawful architectural barrier" because "this allegation [was] insufficient").

Further, Plaintiff uses vague and nonspecific phrasing to assert that he has suffered a concrete and particularized injury in fact.  See Adams v. 98-208 Para Realty Corp., No. 22-CV-2135 (MKB), 2023 WL 5827595, at *5 (E.D.N.Y. Sept. 8, 2023) (citing Feltzin v. Stone Equities, LLC, No. 16-CV-6457, 2018 WL 1115135, at *10 (E.D.N.Y. Feb. 8, 2018) ("Plaintiff's use of ambiguous, indirect, and passive phrasing further supports the Court's conclusion that the Complaint lacks sufficient specificity to establish Plaintiff's having suffered a concrete and particularized injury in fact").  This lack of specificity abounds in the complaint, and is insufficient to establish standing.  See ECF Docket Entry 1 at ¶¶ 5, 8 ("Plaintiff visited the Facility and encountered barriers to access at the Facility, engaged barriers …"), and 9 ("Plaintiff visited the Facility and encountered barriers to access at the Facility … engaged the barriers").  Frankly, these allegations do not even make sense.

Finally, Plaintiff fails to allege future intent to visit the subject property.  Indeed, in the complaint, Plaintiff pleads that he will continue to dine out in the area of the premises and will continue to attempt to access the services and facilities.  Id. at ¶ 9.  However, courts routinely find such vague allegations insufficient to allege a future intent to visit.  See Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68, 76 (2d Cir. 2022) (finding that plaintiffs' allegations that they lived in close proximity, had been customers on prior occasions, and intended to return immediately after defendants provided the requested accommodation were insufficient since the "mere 'profession of an intent to return to the places' previously visited is 'not enough' to establish standing for prospective relief"); see also Baur v. Veneman, 352 F.3d 625, 636–37 (2d Cir. 2003) ("While the standard for reviewing standing at the pleading stage is lenient, a plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing").  Furthermore, while proximity is relevant to the determination of a plaintiff's intent to return to an accommodation in the future, it is insufficient, on its own, to establish Title III's requirements for injunctive relief.  See Small v. Gen. Nutrition Cos., Inc., 388 F. Supp. 2d 83, 90 (E.D.N.Y. 2005) ("[A] plaintiff's showing that he 'live[s] in close proximity' to the public accommodations he is challenging is clearly insufficient to establish standing.").

Based on the foregoing, Defendants respectfully submit that their letter motion for a pre-motion conference be granted.

Defendants thank this honorable Court for its time and attention to this case.

Dated:  Jamaica, New York
       June 14, 2024

Respectfully submitted,

**SAGE LEGAL LLC**

By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Bicu's Playground LLC and*
*Dani Pizza & Rest. Corp*

**VIA ECF**
Barducci Law Firm, PLLC
<u>Attn</u>: Maria-Costanza Barducci, Esq.
5 West 19th Street, 10th Floor
New York, NY 10011-4216
mc@barduccilaw.com

*Attorneys for Plaintiff*
*Abeth Hashimi*

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Robert M. Levy, U.S.M.J.
225 Cadman Plaza East
Courtroom 11B South
Brooklyn, NY 11201-1804