**MARIA-COSTANZA BARDUCCI
BARDUCCI LAW FIRM
PLLC
5 WEST 19TH STREET, 10TH
FLOOR NEW YORK, NEW YORK**

**10011 TELEPHONE: 212-433-2554**

**July 4, 2024**

Honorable Eric R. Komitee
U.S. District Court Judge
Eastern District of New York
225 Cadman Plaza E, CR-G6
Brooklyn, NY 11201

      *Re:*    **Hashimi v. Bicu's Playground LLC, et al.**
               *Civil Action No.:  1:24-cv-1571 (EK) (RML)*

_____

***PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION REQUEST***
_____

1

To the Honorable District Judge Eric R. Komitee,

Pursuant to Rule III ¶B(4) of Your Honor's individual rules, the Plaintiff, Abeth Hashimi ("Plaintiff"), by and through undersigned counsel, respectfully submits this Memorandum in Opposition to the Defendant Bicu's Playground LLC and Dani Pizza & Rest. Corp's ("Defendants") Request for a Pre-Motion Conference in Anticipation to Dismiss [DE#18], and request the Defendant's motion be denied as meritless, on the grounds that the Complaint surpasses all pleading requirements of this Circuit, and that in any event, the motion would be moot if the Court grants permission to Plaintiff to Amend to answer or provide clarification to any alleged issue brought to bare by Defendants letter. Foremost, this action seeks to vindicate through injunctive relief, the violations of Plaintiff's rights under the "ADA" 42 U.S.C. § 12181, et seq. and the "ADAAG" 28 C.F.R. Part 36. Primarily, the Plaintiff contends—at a stage where all facts pled must be accepted as true—-that there exists a *prima facie* showing of harm from deliberate indifference and reckless disregard of the ADA violations and barriers at the subject public accommodation. Thereon, the Plaintiff requests that the Defendants' application for a Pre-Motion hearing be denied as without merit, and further that the Court permit the Plaintiff to Amend his pleading as of right Pursuant to Fed.R.Civ.P. 15 before considering a pre-motion hearing at this early juncture.

The Defendants motion-request is fatally flawed on multiple fronts, including (1) misrepresenting clearly articulated facts demonstrating that the Plaintiff was harmed by Defendants conduct [DE#8 p2. ¶1]; (2) and further omits the Complaint's factual content pleading all necessary criterion exhibiting that "it was reasonable to infer . . . that plaintiff intended to return to the subject location." <u>Kreisler v. Second Ave. Diner Corp.</u>, 731 F.3d 184 (2d Cir. 2013). As an initial matter, the Defendants erroneously claim the Plaintiff lacks standing through their contentions that Plaintiff failed to identify how he suffered past injury; however the Defendant's argument here is entirely without merit, for the Plaintiff alleged the past injury, described his intent to dine and the barriers that denied him those rights [DE#1 at ¶5, ¶8 & ¶14]. Firstly, Defendants letter deliberately omits [DE#1] ¶14 of the Complaint only to nonsensically claim the structural barriers were "unidentified", despite being done in great detail therein. Secondly, the Defendants' inability to comprehend how the facts as alleged[1] did not formulate an indisputable claim under that ADA is unreasonable—-for the Plaintiff "visited the Facility and encountered barriers to access at the facility, engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access". This farfetched attempt by Defendants to obviate all legal obligations and known civil rights violations caused by their discriminatory policy of wanton indifference to the law under the ADA is palpable, as even now Defendants intent on continuing their policy of refusal to correct these discriminatory deprivations is on full display. Moreover, the Complaint pleads that Plaintiff ambulates by wheelchair, and thus it is unambiguous that such barriers[2] and steps would inhibit the entry and thus his ability to partake in the services offered within the public accommodation. Thirdly, Defendants' citation to <u>Chamaidan v. Tomy B. Haircare Inc</u>. is entirely misguided, and not analogous in any way, for that matter dealt vaguely with someone who 'had difficulty walking', and contained not one allegation within the four corners of the Complaint that Chamaidan had even intended on partaking in the services (haircuts) of the public barber shop / salon, nor alleged past visits or prior injury, or that Chamaidan even intended on returning.

Furthermore, the Defendants assertions that the Complaint fails to show concrete harm or future intent to return is fallaciously presented in its application, by once again entirely omitting the relevant and pertinent facts [DE#1 at ¶6] while repeatedly citing <u>Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68, 72 (2d</u>

---

[1] "Plaintiff visited the Facility and encountered barriers to access at the Facility, engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein" [DE#1 at ¶8].

[2] "Inaccessible main entrance… Existing step at main entrance acts as a barrier to accessibility…Required ramp not provided for step at main entrance."[DE#1 at ¶14]

2

Cir. 2022), which is a case that actually supports the showing of harm in the case at bar. Foremost. "[t]he existence of a case or controversy is established where there is 'sufficient immediacy and reality' to warrant the issuance of a declaratory judgment." American Booksellers Assn, Inc., v. McAuliffe , 533 F. Supp. 50, 54 (N.D. Ga. 1981) (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co. , 312 U.S. 270, 273 (1941)). Plaintiff exhibits standing despite [DE#8 pg1-2] failing to at any point account for ¶6 of the Complaint [DE#1], which in factual and enhanced detail, states;

"[T]he Defendants' Facility is in a neighborhood that Plaintiff dines out two to three times per month. Foremost, Plaintiff has dined at, and in, nearly all of the neighboring restaurants surrounding the subject facility, that are all without obstructions. Moreover, Plaintiff dines at restaurants on this street about once or twice per month, including but not limited to Taystee Gardens, Mini-Burger, Fiesta Food Market, and Baker's Dozen amongst many others; and thereon affirms that he would dine at the Defendant's restaurant and avail himself of the goods and services offered to the public, were it not for the structural barriers inhibiting his ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG." [DE#1 at ¶6].

Paramount, these factual allegations—far from the Defendants' claims of naked assertions or bare legal conclusions—are claims of fact that exhibit undeniable and concrete causes of action, granting subject matter jurisdiction for a 'controversy of a federal statutory right under Article III of the Constitution', that which is at stake here. Furthermore, the Defendants deliberately circumvent the Plaintiff's pleading time an again in its application (see ¶5, ¶6 & ¶9 [DE#1]), which undeniably describe the; (1) past visits; (2) the dates of those visits; (3) the reasoning for the visits[3]; (4) and the concrete future harm at stake—Plaintiff frequents this neighborhood and lists the diners the Plaintiff has partaken public services at; all formulating a factual basis encompassing all necessary criterion as established by Kriesler which is controlling here.

To that end, "in Kreisler, we identified several categories of information that could be helpful in determining whether "it was reasonable to infer . . . that plaintiff intended to return to the subject location." id. 731 F.3d at 188. The plaintiff in that case resided in proximity to the subject real property, "passe[d] by it three to four times a week," and "frequent[ed] diners in his neighborhood often." Id. at 186, 188. Thus, these similarities between the instant action and Kreisler id. are essentially antithetical to the conclusory invocations as found in Calcano, where the Defendants merely alleged being a prior customer without any other supporting facts exhibited. Paramount, the Defendants' pre-motion to dismiss is baseless and would be futile, as the facts as alleged in the operative pleading [DE#1 at ¶5 ¶6 & ¶9] "show a plausible intention to return to the Diner," id.at 188, which established a "sufficiently imminent and substantial" "risk of harm." TransUnion, 141 S. Ct. at 2210. As in Kreisler, the Plaintiff here has alleged the specific dates that he attempted to enter the subject property, how often he frequents that neighborhood and passes by the Defendants' premises, his proximity to said locale, and the fact that he has partaken in the services on nearly all the adjacent properties that do not have discriminatory policies or barriers to access, thus establishing concrete "imminent and substantial" "risk of harm." id. surpassing any alleged threshold for standing in this matter.[4]

---

[3] "Calcano, Dominguez, and Thorne fail to provide any details about their past visits or the frequency of such visits. They do not specify which stores they visited or what items they purchased. And they do not say why…Without such basic information, Plaintiffs cannot possibly show that they have suffered an injury that is "concrete and particularized." Calcano id. quoting Lujan, 504 U.S. at 560.

[4] Furthermore, Title III of the ADA, requires the removal of structural barriers in existing public accommodations "where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Rather than discuss readily achievability however, the Defense instead attempts to move for early disposition of this matter without addressing the merit of their violations or the reckless disregard to those barriers therewith, despite the statutory construction requiring the the facility must provide access "through alternative methods [of remediations] if such methods are readily achievable". If the Defendants valued their customers, and respected the rights of all citizens, including those rights of disabled persons under the ADA, than they would seek to remediate the property violations and barriers rather than draw out litigation through attempted

Given the steep rigors of the pleading standard at the motion to dismiss stage, all the Plaintiff must assert is a "plausible claim for relief", and furthermore 'all facts pled must be accepted as true for the purposes of motions to dismiss'. See Ashcroft v. Iqbal, 556 U.S. 662 (2009) "To survive a motion to dismiss, a complaint must [only] contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." id. Thereon, given the substance of the facts pled in [DE#1 at ¶5], the "complaint [clearly] provide[s] 'enough facts to state a claim to relief that is plausible on its face.'" Mayor & City Council of Balt. v Citigroup Inc. 709, F3d 129, 135, (2nd Cir 2013). It is well settled that in this Circuit, the Court review standard is de novo, and that "[a]ll allegations in the complaint must be accepted as true and all inferences drawn in Plaintiffs' favor. Allaire Corp., 433 F.3d at 249-250; See also, Ehrenfeld v. Mahfouz, 489 F.3d 542, 547 (2d Cir 2007).

Thus, the Plaintiff has alleged articulable facts indicating that he was injured—-multiple times—by a personal encounter with violations of the ADA at Defendants' public accommodation property, and thus has demonstrated standing that rebuts Defendant's recommendation to dismiss pursuant to Fed.R.Civ.P.12(b)(1)&(6). Finally, if the Court is to consider or intends to grant in favor of the Defendants motion, despite the argument raised above, then the Plaintiff humbly requests that the Court first permit a single Amendment of Pleadings. A motion to Amend, if necessary, is consonant with the liberal pleading standard of Fed.R.Civ.P. 15 and the Supreme Court's holding in Foman v. Davis, 371 U.S. 178 (1962) and our Circuit's precedent in New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) which instructs our district courts to apply a "strong preference for resolving disputes on the merits."id. Crucially, the Fed. R. Civ. P. 15 emphasizes the importance of having the action resolved on the merits, thus motions to amend typically are "accorded a broad and liberal treatment… based on the general principle that litigants have a right to… relevant facts [that] serves the integrity and fairness of the judicial process by promoting the search for the truth." Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993). Moreover, Fed.R.Civ.P. 15(a)2 holds that "the Court should freely give leave [to amend] when Justice so requires." Theron, if Defendant's pre-motion to dismiss conference is granted, Plaintiff would then naturally cross-motion under Fed.R.Civ.P. Rule 15, thus making Defendant's application moot in light of a new proposed pleading with clarified facts if necessary. Moreover, whilst any Complaint has room for further factual development, that is an objective for discovery and should in no way disqualify the Complaint under the standing requirement which need only posit that an injury in fact occurred at this early pleading stage.

WHEREFORE, Plaintiff requests that the Defendants' Motion be denied in its entirety, and a discovery schedule be entered to continue the adjudication of this action on its merits in the furtherance of justice, or otherwise the Plaintiff request he be granted leave to amend the pleadings prior to a pre-motion conference, as well as any other relief that the Court deems just and proper.

Most Respectfully,

BARDUCCI LAW FIRM PLLC

_[signature]_

Maria-Costanza Barducci Esq.

cc: Via CM/ECF Only

---

dispositive motions practice—whomst sole purpose here is to circumvent the remediations and obviate their duties to be accessible to all citizen patrons as required under law.