UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ABETH HASHIMI,

                                                  Case No.: 1:24-cv-1571 (EK) (RML)

                  Plaintiff,

        -against-

BICU'S PLAYGROUND LLC and DANI PIZZA &
REST. CORP,

                  Defendants.
----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Bicu's Playground LLC and*
*Dani Pizza & Rest Corp.*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

FACTS .......................................................................................................................1

LEGAL STANDARD ....................................................................................................2

ARGUMENT ...............................................................................................................3

    **A.  Plaintiff's Cavalier and Repeated Disregard for Court Orders** .............................3

    **B.  Plaintiff was on Notice that Failure to Comply will Lead to Dismissal** .................4

    **C.  Defendants are Prejudiced by Plaintiff's Delays** .......................................4

    **D.  This Court's Interest in Managing its Docket Outweighs Plaintiff's Interest** .......4

    **E.  No Sanction Short of Dismissal Will be Effective** ......................................5

CONCLUSION .............................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

Baptiste v. Sommers,
    768 F.3d 212 (2d Cir. 2014)................................................................................ 2

Caussade v. United States,
    293 F.R.D. 625 (S.D.N.Y. 2013) ....................................................................... 4

Lewis v. Nationstar Mortg. LLC,
    No. 18-CV-3015 (RRM) (CLP), 2019 WL 11624580 (E.D.N.Y. Apr. 16, 2019)............. 2

LeSane v. Hall's Sec. Analyst, Inc.,
    239 F.3d 206 (2d Cir. 2001)................................................................................ 4

Lucas v. Miles,
    84 F.3d 532 (2d Cir. 1996)............................................................................. 2, 4

Peart v. City of New York,
    992 F.2d 458 (2d Cir. 1993)................................................................................ 3

Pena v. Zazzle Inc.,
    587 F. Supp. 3d 109 (S.D.N.Y. 2022)................................................................. 4

Shannon v. Gen. Elec. Co.,
    186 F.3d 186 (2d Cir. 1999)................................................................................ 5

Simonaj v. Garland,
    No. 23-CV-10322 (JHR) (SLC), 2024 WL 872287 (S.D.N.Y. Feb. 1, 2024).................. 5

Simonaj v. Garland,
    No. 23-CV-10322 (JHR) (SLC), 2024 WL 871028 (S.D.N.Y. Feb. 29, 2024)................. 5

Thompson v. Rising Star Beauty Salon, Inc.,
    No. 15-CV-3716 (RRM) (RER), 2017 WL 3887870 (E.D.N.Y. Sept. 5, 2017) ............... 5

Tran-Pedretti v. CIFC Asset Management LLC,
    No. 1:13-cv-4420 (RJS) (KNF) (S.D.N.Y. Dec. 3, 2013).................................... 4

United States *ex rel.* Drake v. Norden Sys., Inc.,
    375 F.3d 248 (2d Cir. 2004)............................................................................. 3, 4

West v. City of New York,
    130 F.R.D. 522, 524 (S.D.N.Y. 1990) ............................................................... 2

West v. City of New York,
     2021 WL 103265 (E.D.N.Y. Jan. 11, 2021) ....................................................... 2

Wilson v. Doe 1-4,
     No. 21-CV-5170 (RPK), 2022 WL 2065030 (E.D.N.Y. June 8, 2022)............................ 4

**Rules**

Fed. R. Civ. P. 41 ...................................................................................................... 1, 2

## PRELIMINARY STATEMENT

Despite being placed on notice that failing to comply with this Court's rules may result in dismissal of the complaint for failure to prosecute, Plaintiff Abeth Hashimi (hereinafter "Plaintiff" or "Hashimi") has routinely and cavalierly failed to comply with this Court's rules and the Orders it has issued. As such, Defendants respectfully move to dismiss Plaintiff' complaint for failure to prosecute.

## FACTS

This case was commenced by way of summons and complaint on March 1, 2024.  See ECF Docket Entry 1.  Defendants appeared by counsel on April 26, 2024.  See ECF Docket Entry 6.  After seeking and receiving an Order extending their time to answer, Defendants filed a letter motion for a pre-motion conference in anticipation of their motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") on June 14, 2024.  See ECF Docket Entries 7 and 8; see also Text Only Order dated April 29, 2024.

Pursuant to ¶ III(B)(4) of this Court's Individual Rules and Practices (hereinafter "Individual Rules"), Plaintiff's response thereto was due on or before June 19, 2024.  Plaintiff failed to do so.  As a result, on June 27, 2024, this Court issued an Order extending Plaintiff's time to respond until July 3, 2024; the Court expressly warned that Plaintiff's failure to comply with the Order may result in a dismissal for failure to prosecute pursuant to Rule 41(b).  See Text Only Order dated June 27, 2024.

On July 3, 2024, Plaintiff filed a letter response to Defendants' letter motion for a pre-motion conference.  See ECF Docket Entry 9.  However, the following day, Plaintiff filed another letter response.  See ECF Docket Entry 10.

Critically, the same day, Plaintiff moved to strike the July 3, 2024 submission and instead sought to rely on the July 4, 2024 submission.  See ECF Docket Entry 11 (quizzically asserting that the July 3, 2024 filing is duplicative of the July 4, 2024 filing and that the Court should refer to the latter filing).

On August 29, 2024, the Court entered an Order requiring, *inter alia*, Plaintiff to file an amended complaint by Friday, September 20, 2024.  Plaintiff has failed to do so.

## LEGAL STANDARD

Rule 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  See Fed. R. Civ. P. 41(b).  "It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with … prejudice as a sanction for his unjustified conduct."  See Lewis v. Nationstar Mortg. LLC, No. 18-CV-3015 (RRM) (CLP), 2019 WL 11624580, at *1 (E.D.N.Y. Apr. 16, 2019) (quoting West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990)), report and recommendation adopted, 2021 WL 103265 (E.D.N.Y. Jan. 11, 2021).

In considering a Rule 41 dismissal, courts weigh five (5) factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  See Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (citing Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).  "No single factor is generally dispositive."  See Baptiste, 768 F.3d at 216.

Further, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. See United States *ex rel.* Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citing Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993)).

For the following reasons, the Complaint must be dismissed for failure to prosecute.

## ARGUMENT

### A.     Plaintiff's Cavalier and Repeated Disregard for Court Orders

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." See U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) (internal citations omitted).

In analyzing the first factor, it is worthy to note that the Plaintiff has demonstrated a cavalier approach to compliance with this Court's Orders and the Individual Rules which – when aggregated – amount to significant delays.

First, Plaintiff failed to timely respond to Defendants' letter motion for a pre-motion conference, resulting in a fourteen (14) day delay between June 19, 2024 (when the response was due) and July 3, 2024 (when the response was filed).

Second, Plaintiff failed to meet the deadline in any event as she refiled a response one (1) day later and asked this Court to consider the belated response rather than the timely submission.

Third, Plaintiff has now failed to submit an amended complaint, which is currently nine (9) days late.

In the context of the initial pleadings stage, these delays are significant, as Plaintiff was afforded twenty-two (22) days to complete the fairly simple task of amending the complaint, which Plaintiff has failed to do.  As such, the first factor militates in favor of dismissal.

**B.      Plaintiff was on Notice that Failure to Comply will Lead to Dismissal**

The second factor poses the question as to whether Plaintiff "received notice that further delays would result in dismissal." See Drake, 375 F.3d at 255 (internal citations omitted).

Here, there is no question that this Court placed Plaintiff on notice that failure to comply with its Orders will lead to dismissal.

**C.      Defendants are Prejudiced by Plaintiff's Delays**

The third factor is whether Defendants are likely to be prejudiced by any further delay. See Drake, 375 F.3d at 255. "Courts may presume such prejudice where, as here, [Plaintiff] has caused an 'unreasonable delay.'" See Wilson v. Doe 1-4, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022) (quoting LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); see also Caussade v. United States, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013) ("Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." (collecting cases)). Because Plaintiff's failure to comply with this Court's Orders has unnecessarily delayed this case for well over a month in the aggregate, the Court should presume prejudice.

**D.      This Court's Interest in Managing its Docket Outweighs Plaintiff's Interest**

As to the fourth factor, dismissal is warranted based on "a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard." See Lucas, 84 F.3d at 535. The Court has a strong interest in managing its docket and "cannot wait indefinitely" for Plaintiff to "turn h[er] attention" to this case. See Pena v. Zazzle Inc., 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022).  This Court should not be required to constantly remind Plaintiff of his obligations and *sua sponte* extend the deadlines set forth in its Orders.  After all, "[d]eadlines are not aspirational. They are, in fact, deadlines." See Tran-Pedretti v. CIFC Asset Management LLC, No. 1:13-cv-4420 (RJS) (KNF) (S.D.N.Y. Dec. 3, 2013) (ECF Docket Entry 27) (Sullivan, J.).

Accordingly, this factor also militates in favor of dismissal.

**E. No Sanction Short of Dismissal Will be Effective**

As to the final factor, this Court can easily find that any lesser sanction would be of no effect. Plaintiff had several opportunities to demonstrate compliance with this Court's Orders, and received warning of possible dismissal.

And still, Plaintiff has routinely and repeatedly violated this Court's Orders.

Thus, any sanction short of dismissal is unlikely to be effective. See Shannon v. Gen. Elec. Co., 186 F.3d 186, 196 (2d Cir. 1999) (Sotomayor, J.) (affirming dismissal for failure to prosecute); see also Simonaj v. Garland, No. 23-CV-10322 (JHR) (SLC), 2024 WL 872287, at *2 (S.D.N.Y. Feb. 1, 2024), ("Given Mr. Gjoni's complete lack of communication and disregard of the Court's orders, no lesser sanction than dismissal is appropriate."), report and recommendation adopted, 2024 WL 871028 (S.D.N.Y. Feb. 29, 2024); Thompson v. Rising Star Beauty Salon, Inc., No. 15-CV-3716 (RRM) (RER), 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) ("Given Thompson's failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective").

Accordingly, this factor similarly militates in favor of dismissal for failure to prosecute.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint must be dismissed for failure to prosecute with prejudice.

Dated: Jamaica, New York
      September 29, 2024

                             Respectfully submitted,

                             **SAGE LEGAL LLC**

                             *__/s/ Emanuel Kataev, Esq.__*
                             Emanuel Kataev, Esq.
                             18211 Jamaica Avenue
                             Jamaica, NY 11423-2327
                             (718) 412-2421 (office)
                             (917) 807-7819 (cellular)
                             (718) 489-4155 (facsimile)
                             emanuel@sagelegal.nyc

                             *Attorneys for Defendants*
                             *Bicu's Playground LLC and*
                             *Dani Pizza & Rest Corp.*

**<u>VIA ECF</u>**
Barducci Law Firm, PLLC
<u>Attn</u>: Maria-Costanza Barducci, Esq.
5 West 19th Street, 10th Floor
New York, NY 10011-4216
mc@barduccilaw.com

*Attorneys for Plaintiff*
*Abeth Hashimi*

**<u>VIA ECF</u>**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Robert M. Levy, U.S.M.J.
225 Cadman Plaza East
Courtroom 11B South
Brooklyn, NY 11201-1804