UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Abeth Hashimi,<br>        Plaintiff,<br>vs.<br><br>Bicu's Playground LLC, and<br>Dani Pizza & Rest. Corp,<br>        Defendants. | Case no.  24-cv-1571 (EK) (RML)<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff, Abeth Hashimi ("Plaintiff"), by his undersigned counsel, hereby files this Complaint and sues Defendants, Bicu's Playground LLC And Dani Pizza & Rest. Corp, ("Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

**1)**     This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2)**     Plaintiff currently resides in Flushing, New York, and is *sui juris*. Plaintiff is a qualified individual with disabilities under the ADA law. Plaintiff suffers from a congenital neuromuscular disorder known as Central Nuclear Myopathy which is characterized as a default in the cell structure of voluntary muscles and as a result is bound to ambulate in a wheelchair.

**3)**     Defendant, Bicu's Playground LLC, is a LLC and transacts business in the State of New York and within this judicial district. Defendant, Bicu's Playground LLC, is the owner

of the real property which is the subject of this action located on or about at 81-28 Lefferts Blvd, Queens 11415 (hereinafter "Subject Property" or "Facility").

**4)** Defendant, Dani Pizza & Rest. Corp, is a corporation and transacts business in the State of New York and within this judicial district. Defendant, Dani Pizza & Rest. Corp, is the lessee and operator of the business known as Dani's House of Pizza, located at 81-28 Lefferts Blvd, Queens 11415 (hereinafter the "Facility").

**5)** Plaintiff has visited the Subject Property which forms the basis of this lawsuit around early part of May 2022, and again on or about December 19, 2023. On both of these occasions, the Plaintiff's ability to ambulate through the entrance of the Subject Property was constrained, hindered, and thwarted by the structural barriers, to wit; a series of architectural barrier steps at each of the facilities two entrances. The first staircase was far too steep and narrow to traverse, while the second of these concrete steps causes impingement between the wheelchair's castering and the concrete change in levels at the entrance door, that which was also untraversable, preventing access to the public accommodation, and causing plaintiff to turn back for his safety.

**6)** The Plaintiff plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and thereby determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

7) Plaintiff lives only several miles from the Defendants' Facility, passes by the Defendants' Facility at least once per week when he is doing errands, visiting family and friends throughout the borough, and looking to eat out. Moreover, the Defendants' Facility is in a neighborhood that Plaintiff dines out two to three times per month. Foremost, Plaintiff has dined at, and in, nearly all of the neighboring restaurants surrounding the subject facility, that are all without obstructions. Moreover, Plaintiff dines at restaurants on this street about once or twice per month, including but not limited to Taystee Gardens, Mini-Burger, Fiesta Food Market, and Baker's Dozen amongst many others; and thereon affirms that he would dine at the Defendant's restaurant and avail himself of the goods and services offered to the public, were it not for the structural barriers inhibiting his ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

8) The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG. Plaintiff has visited the Subject Property which forms the basis of this lawsuit and plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and to determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

9) Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility. In this instance, Plaintiff visited the Facility and encountered barriers to access at the Facility, engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein.

10) Plaintiff visited the Facility and encountered barriers to access at the Facility no less than two times, specifically on or about the early part of May 2022, and again on or about December 19, 2023, engaged the barriers when attempting to enter the restaurant wherein Plaintiff encountered multiple architectural barrier steps that the wheelchair could not traverse, thus causing plaintiff to turn back and suffer legal harm and injury thereafter. There was no apparent mechanism for assistance, or other means for traversing said architectural barriers. Plaintiff will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth in greater detail herein. The Plaintiff will continue to dine out in the neighborhood of the Defendants' subject property and specifically plans to visit this subject property this winter with family and friends for nights out, as well as holidays and events; and will thereon continue to attempt to access the services and facilities at said premises which have been deprived at all times material.

11) All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Eastern District.

**FACTUAL ALLEGATIONS AND CLAIM**

12) Plaintiff has attempted to access the Facility, but could not do so without severe hardship, because of his disabilities, and the physical barriers to access and ADA violations that

exist at the Facility, which restrict and/or limit his access to the goods and services offered at the Facility. The ADA violations are more specifically set forth in this Complaint.

13) The New York State Human Rights Law provides: (a) "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … NYS Exec. Law § 296 (2)(a)."

14) Plaintiff travels through this neighborhood regularly, has partaken of the services offered in nearly all the surrounding public accommodations, and thereon intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so because of the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

15) Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods and services of the Facility, as prohibited by 42 U.S.C., § 12182, *et.seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical

barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

**16)** Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations, which preclude and/or limit Plaintiff's ability to access the Facility and full and equal enjoyment of the goods, services offered at the Facility include:

1. Accessible route to establishment not provided as required.
2. Accessible means of egress not provided as required.
3. Inaccessible main entrance.
4. Existing step at main entrance acts as a barrier to accessibility.
5. Required ramp not provided for step at main entrance.

ADAAG 206 Accessible Routes  ADAAG 206.1 General.
Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
ADAAG 206.2 Where Required.
Accessible routes shall be provided where required by 206.2.
ADAAG 206.2.1 Site Arrival Points.
At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
ADAAG 206.4 Entrances.
Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
ADAAG 207 Accessible Means of Egress  ADAAG 207.1 General.
Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
ADAAG 402 Accessible Routes ADAAG 402.1 General.
Accessible routes shall comply with 402.
ADAAG 402.2 Components.
Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.

ADAAG 403 Walking Surfaces  ADAAG 403.4 Changes in Level. Changes in level shall comply with 303

ADAAG 303.4 Ramps.

Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

6. Required minimum maneuvering clearance not provided at door of main entrance.

7. Non-compliant change in floor level within required maneuvering clearance at door of main entrance.

ADAAG 206 Accessible Routes  ADAAG 206.1 General.

Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.

ADAAG 206.2 Where Required.

Accessible routes shall be provided where required by 206.2.

ADAAG 206.2.1 Site Arrival Points.

At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.

ADAAG 206.4 Entrances.

Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.

ADAAG 206.4.1 Public Entrances.

In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.

ADAAG 207 Accessible Means of Egress  ADAAG 207.1 General.

Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1)

ADAAG 404.2.4 Maneuvering Clearances.

Minimum maneuvering clearances at doors and gates shall comply with 404.2.4.

Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

ADAAG 404.2.4.4 Floor or Ground Surface.

Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level are not permitted.

8. Inaccessible secondary entrance.
9. Existing step at secondary entrance acts as a barrier to accessibility.
10. Required ramp not provided for step at secondary entrance.

ADAAG 206 Accessible Routes  ADAAG 206.1 General.

Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.

ADAAG 206.2 Where Required.

Accessible routes shall be provided where required by 206.2.

ADAAG 206.2.1 Site Arrival Points.

At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.

ADAAG 206.4 Entrances.

Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.

ADAAG 207 Accessible Means of Egress  ADAAG 207.1 General.

Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).

ADAAG 402 Accessible Routes ADAAG 402.1 General.

Accessible routes shall comply with 402.

ADAAG 402.2 Components.

Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.

ADAAG 403 Walking Surfaces  ADAAG 403.4 Changes in Level. Changes in level shall comply with 303

ADAAG 303.4 Ramps.

Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

11. Required minimum maneuvering clearance not provided at door of secondary entrance.

12. Non-compliant change in floor level within required maneuvering clearance at door of secondary entrance.

ADAAG 206 Accessible Routes  ADAAG 206.1 General.

Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.

ADAAG 206.2 Where Required.

Accessible routes shall be provided where required by 206.2.

ADAAG 206.2.1 Site Arrival Points.

At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.

ADAAG 206.4 Entrances.

Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
ADAAG 206.4.1 Public Entrances.
In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.
ADAAG 207 Accessible Means of Egress  ADAAG 207.1 General.
Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1)
ADAAG 404.2.4 Maneuvering Clearances.
Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.
ADAAG 404.2.4.4 Floor or Ground Surface.
Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level are not permitted.

13. Inaccessible service counter.
14. Non-compliant height of service counter exceeds maximum height allowance.
ADAAG227 Sales and Service  ADAAG 227.1 General.
Where provided, check-out aisles, sales counters, service counters, food service lines, queues, and waiting lines shall comply with 227 and 904.
ADAAG 904.4 Sales and Service Counters.
Sales counters and service counters shall comply with 904.4.1 or 904.4.2.
The accessible portion of the counter top shall extend the same depth as the sales or service counter top.
ADAAG 904.4.1 Parallel Approach.
A portion of the counter surface that is 36 inches (915 mm) long minimum
and 36 inches (915 mm) high maximum above the finish floor shall be provided.
A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter.

15. Inaccessible dining counter.
16. Non-compliant height of dining counter exceeds maximum height allowance. Required minimum knee and toe clearance not provided at dining counter. Portion of dining counter required to be accessible not provided.
ADAAG 226 Dining Surfaces and Work Surfaces  ADAAG 226.1 General.
Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
ADAAG 902 Dining Surfaces and Work Surfaces  ADAAG 902.1 General.
Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
Advisory 902.1 General.

> Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
> ADAAG 902.2 Clear Floor or Ground Space.
> A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
> ADAAG 902.3 Height.
> The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.
> ADAAG 306.2 Toe Clearance.
> ADAAG 306.2.3 Minimum Required Depth.
> Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
> ADAAG 306.2.5 Width.
> Toe clearance shall be 30 inches (760 mm) wide minimum.
> ADAAG 306.3 Knee Clearance.
> ADAAG 306.3.3 Minimum Required Depth.
> Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
> ADAAG 306.3.5 Width.
> Knee clearance shall be 30 inches (760 mm) wide minimum.

17) The above listing is not to be considered all-inclusive of the barriers which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the ADA violations.

18) The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

19) Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

**20)** The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**21)** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By:  s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com