UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x

**Abeth Hashimi,,**
              Plaintiff,              Case No.: **24-cv-01571-EK-RML**

-v-

**Bicu's Playground LLC,**              **MEMORANDUM OF LAW**
**Dani Pizza & Rest. Corp**              **IN OPPOSITION TO MOTION TO**
                                                  **DISMISS THE CIVIL ACTION**
                                                  **UNDER RULE 41(b)**

              Defendants.
_____x

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO

## DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

Page No.

I.    Preliminary Statement of the Legal Argument . . . . 3

II.   Argument . . . . . . . . . 4
     a. **The '5 Factors', that which are Necessary to an 'Extreme Effect', Are Not Present** . . . . . 4
     b. **The Circuit's Holding in Baptiste Supports Denial of Rule 41 Motion**   7

III.  Conclusion . . . . . . . . . 8

# TABLE OF AUTHORITIES

Baptiste v. Sommers, 768 F.3d 212 (2d Cir. 2014) . . . . . 4,7,8

Caussade v. United States, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013) . . 6

Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) . . .

Krys v. Pigott, 749 F.3d 117, 128 (2d Cir. 2014) . . . .

LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206 (2d Cir. 2001) . . . 5,6,7

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996) . . . . . 3,4,6,8

Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir.2013) . . 3,4

Nita v. Connecticut Dep't of Envtl. Prot) . . . . . . 4

ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) . . 5

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS THE COMPLAINT

COMES NOW, Plaintiff **Abeth Hashimi** ("Plaintiff"), by and through undersigned counsel, requests the Court deny Defendants' Fed. R. Civ. P. 41(b) Motion. Plaintiff files this Memorandum of law in opposition, and states:

### I. Preliminary Statement of the Legal Argument

The Defendants filed a motion on September 29, 2024 [DE#12-13] requesting the Court dismiss for lack of prosecution pursuant to Fed.R.Civ.P. 41(b). On October 1, 2024, the Court (Honorable Judge Eric R. Komitee) referred the Defendants' Motion to Dismiss to the Honorable Magistrate Judge Levy for a Report and Recommendation. Defendant's motion to dismiss, is based predominantly on the allegations for Plaintiff's lack of prosecution. Crucially however, Rule 41 dismissals are of the harshest of actions that can be taken by the Court, and as such must not be imposed lightly, for the sanction of dismissal "has harsh consequences for clients, who may be blameless", and therefore the Circuit has instructed that "it should be used only in extreme situations." Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir.2013)(collecting cases).

However, the Defendants have failed to demonstrate an "extreme effect" to the Court's docket that would justify the subversion and supplanting of the "litigants right to be heard" in this case and controversy. Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996). While often considered a "house cleaning" motion to clear the Court's docket, the plaintiff contends that this case is entirely analogous with the Circuits' *stare decisis* against such actions, with such claims alleged by the Defendants being disparate at best. Plaintiff argues, in relevant part, that the Defendants knowingly misinterpreted, and therein abdicated the '5 Factor Test' that is necessary and binding in such motion practice, under Lucas id. and its progeny. Furthermore, this review

should also be mindful that such dismissals are "the harshest of sanctions" and must be brought only after the docket shows that the motion was "proceeded by particular procedural prerequisites," including "notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." Mitchell v. Lyons Prof'l Servs. id. Plaintiff propounds that the Defendants motion is premature, shows no evidence of the requisite 'extreme delay' as outlined in Baptiste id., and that the Second Circuit's Five factor must first be applied properly and with discretion; and in so doing the Court must deny the Defendants' motion.

## II. ARGUMENT

### a. Plaintiff Contends that the '5 Factors', that which are Necessary to an Extreme Effect, Are Not Present

In considering a Rule 41(b) dismissal "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order", the district court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996). No single factor is generally dispositive, see Nita v. Connecticut Dep't of Envtl. Prot.

In examining the Five Factor test, the Defendants fully embellished the first factor, filing their Rule 41 motion only 9 days after the amended complaint was to be filed. As elaborated in

further detail *infra*, the misfiling of the amended complaint [DE#14] was not dilatory, but due only to plaintiff's inadvertent calendaring error regarding this case file. While the Defendant complains of the amalgamated "twenty-two (22) days to complete" these certain tasks, the Plaintiff contends this is clearly not extraordinary—not in the sense of dispositive—and thereon this factor ameliorates the plaintiff's position, supporting the denial of Defendants' motion.

As to the second factor of the test, the Plaintiff Hashimi respectfully submits that he was not on prior notice that in not timely filing the amended complaint by the date directed would, or even could, result in the summary dismissal of all his causes of action under Title III of the ADA. Therefore, the plaintiff should not be punished–especially so harshly—when the requisite prior notice prong was not met. Similar to the the order in <u>LeSane id.</u>, the district court's June 27, 2024 Order was "brief and technical," warning only that "Plaintiff's failure to comply with *that* specific scheduling order "may result in a dismissal", to which the Plaintiff timely complied with [see DE#10]. While Defendants' distort the record, that he "received notice that further delays would result in dismissal" [DE#13 p.2 ¶1], that is a clear misrepresentation of the record, which had no specific order that 'any delays in filing the amended complaint' could result in dismissal. Thus the rule spelled out in <u>ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)</u> is inapplicable in the case at bar. Here then, the Court should refrain from dismissing the action, given that the Amended Complaint is filed [DE#14], exhibits a meritorious claim, and the interest in justice outweighs the Defendant's claim.

Regarding the third factor, the Defendants have not been severely prejudiced, nor would they be prejudiced in any way were the case to continue on its merits. While Plaintiff apologizes and begs the pardon of the Court for the minor delays in certain filings, separately or in the

aggregate, it is unambiguous that the case has 'not been delayed for months'.[1] Thus, given the "plaintiff has [not] become inaccessible for months at a time", as in Caussade v. United States, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013), the Court should find that no presumption of prejudice should be carried in the five factor test.

Fourth, Although the case has unintentionally and only momentarily stalled, "plaintiff's failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court; he did not swamp the court with irrelevant or obstructionist filings." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206 (2d Cir. 2001). As we have explained, "*[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court.*" Lucas v. Miles, 84 F.3d 532 (2d Cir. 1996). The fourth determinant then must be balanced in favor of the Plaintiff.

Finally, the Fifth factor of the requisite analysis must lead the Court to deny the Defendant's motion, and conclude dispositive motions practice on the merits, or otherwise enter a discovery schedule. Because the Court still has the ability to set and oversee reasonable deadlines for discovery and motions and to push the action forward swiftly with plaintiff's utmost compliance, in a matter where the Defendants claim is that such was 'delayed an aggregate of 22 days' in a civil action that was filed only 7 months prior, the Court should refrain from a final dismissal, and instead review the amended Complaint on its merits, wherein the Defendants can procedurally challenge the same under Rule 12(b) if they so choose.[2]

---

[1] Further, the defendants have not pointed to any concrete way that they have suffered or will suffer prejudice due to any delay, such as an "increased the likelihood that evidence in support of ... [their] defenses may be unavailable." Baptiste id.

[2] It is inappropriate for the Defendants to challenge the merits of the active pleading on a Rule 41 Motion, which must be conducted only under Fed.R.Civ.P. Rule 12.

### b. This Circuit's Holding in Baptiste is Binding on Rule 41 Motions

While the Court may apply its own proportionality to each factor in the aforementioned, the Court's analysis should conclude that the Five Factor test undoubtedly is in favor of Plaintiff, and requires the denial of the Defendants' motion. Paramount, the Court must construe the Defendant's claim under the *stare decisis*, which would lead a reasonable observer to find that there "is not an extreme situation that can only be remedied with the the harshest of sanctions." Baptiste id. citing Mitchell, 708 F.3d at 467 (internal quotations omitted). Further, the Plaintiff apologizes for any delay or missed deadlines, and in explanation, avers that the Plaintiff's case file was inadvertently calendered, due to either a computer malfunction, leading this case file to have incorrect dates calendared. However, this has since been corrected, and by no means did the Plaintiff ever intentionally delay, act in a cavalier manner or in bad faith towards the deadlines in this matter. Moreover, there was no dilatory motive, nothing vexatious or meant to frustrate a party in the several week delay, nor extended period of silence from Plaintiff; and the purported prejudice to Defendants is minimal and would have no adverse effect in the adjudication of the action.

Perhaps then, for further development, the seminal case the Court must consider is Baptiste v. Sommers, 768 F.3d 212 (2d Cir. 2014), which serves as the best roadmap for the motion practice at hand. In Baptiste id, the district court ruled that Plaintiff had "not provided an adequate justification for his *nearly two‑year delay* in filing an amended complaint, and had not proven that he had a meritorious and manageable case going forward" id. Therein, the case at bar is not analogous factually, for the record does not reflect a comparable set of circumstances in the time delayed. Here, the Plaintiff was unintentionally late in his filings, several weeks, and has

exhibited a meritorious and manageable case moving forward. Nonetheless, the Second Circuit held in Baptiste id.; "that dismissal exceeded the bounds of the court's discretion", and thus holding that the balancing test of the five‑factors as prescribed by the case law must be even-handedly administered to protect the interest of justice. id.

Thus, when assessing the propriety of Rule 41(b) dismissals, the Second Circuit vacated and remanded for further proceedings a Dismissal in which the Plaintiff had failed to amend the Complaint *for nearly two years*, while this motion was brought by the Defendants for circumstances of only weeks. The case law here shows that "[a]lthough the case stalled for two years the District Court abused its discretion in entirely dismissing the civil claim under Rule 41(b). As we have explained, [t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." Baptiste v. Sommers, 768 F.3d 212 (2d Cir. 2014) citing *Lucas,* 84 F.3d at 535–36.

### III.     CONCLUSION

WHEREFORE, Plaintiff by and through undersigned counsel, respectfully requests that the Defendants' motion must be denied in its entirety, and whatever other relief the Court deems just and proper.

Dated: October 20, 2024

          Respectfully submitted,

          s/ *Maria-Costanza Barducci*
          BARDUCCI LAW FIRM, PLLC
          19 West 5th Street, 10th Floor
          New York, New York 10011
          T: 212.433.2554
          MC@BarducciLaw.com

**CERTIFICATE OF SERVICE**

I HEREBY certify that on October 20, 2024, I electronically filed the foregoing document including the notice of motion, exhibits, and memorandum with the Clerk of the Court using CM/ECF filing system upon all parties of record, as well as, via mail upon any Defendant not registered for electronic filing.

By: s/Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*