UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ABETH HASHIMI,

                                                        Case No.: 1:24-cv-1571 (EK) (RML)

                            Plaintiff,

      -against-

BICU'S PLAYGROUND LLC and DANI PIZZA &
REST. CORP,

                            Defendants.
------------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Bicu's Playground LLC and*
*Dani Pizza & Rest Corp.*

## PRELIMINARY STATEMENT

Perplexingly and paradoxically, Plaintiff pleads with this Court not to dismiss this case for failure to prosecute because he protests that dismissal is a sanction too harsh. All this, while Plaintiff's opposition papers were inexplicably filed five (5) days late,[1] and with Plaintiff's amended complaint filed twenty-eight (28) days late.[2]

In light of Plaintiff's abject failure to comply with this Court's rules and the Orders it issues, and because Plaintiff failed to establish any good cause nor excusable neglect for his failures to do so, let alone make any motion to do so, this Court should grant Defendants' motion to dismiss for failure to prosecute.

## ADDITIONAL FACTS

Following the filing of the instant motion, Plaintiff filed an amended complaint on October 18, 2024 and opposed Defendants' motion on October 20, 2024. See ECF Docket Entries 14 and 15. Both filings were late. See Text Only Order dated August 29, 2024; see also ECF Docket Entry 12 and Fed. R. Civ. P. 6(a)(1)(C). Neither filing was accompanied by a motion providing good cause or excusable neglect for this Court to exercise its discretion in favor of granting an extension of time of either deadline. See Fed. R. Civ. P. 6(b)(1)(B).

---

[1] Defendants' notice of motion provided, pursuant to Local Civil Rule ("LCR") 6.1, and Rule 6 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), that Plaintiff's opposition to the motion was due on Monday, October 14, 2024. See ECF Docket Entry 12. Notwithstanding the fact that, under Rule 6, Plaintiff was afforded an additional day to oppose the motion because it fell on Columbus Day (see Fed. R. Civ. P. 6(a)(1)(C)), Plaintiff *still* failed to timely file opposition to the motion and submitted opposition late with no explanation as to why, nor any cross-motion seeking an extension of time to submit late papers.

[2] Plaintiff's amended complaint was due on September 20, 2024 and was instead filed on October 18, 2024, again with no explanation as to why, nor any motion seeking an extension of time to submit late pleadings. See Text Only Order dated August 29, 2024 and ECF Docket Entry 14. Given this Court placed Plaintiff on notice of the need to file an amended complaint on August 29, 2024, Plaintiff's fifty (50) day delay is inexcusable.

Notably, Plaintiff has plagued the courts[3] in the Eastern and Southern Districts of New York with a plethora of problems concerning untimely filings and failure to comply with rules and Orders.[4] As is evident from the below, Plaintiff's failures are habitual and incorrigible.

On August 20, 2018 and August 30, 2018, the Hon. Gregory H. Woods, U.S.D.J. issued two (2) text-only Orders noting the parties' failure to submit a Rule 73 consent or a joint letter indicating that the parties do not consent by August 2, 2018.  See Hashimi v. Ima Pizza Store 21 LLC, No.: 1:18-cv-5040 (GHW) (SDA).

On November 30, 2018, the Hon. Analisa Torres, U.S.D.J. ("Judge Torres") issued a text-only Order noting the parties' failure to timely submit on October 5, 2018 a joint letter and proposed case management plan.  See Hashimi v. Black Iron Burger LLC, Case No.: 1:18-cv-09108 (AT) (OTW).  On January 2, 2019, Judge Torres issued an Order noting Plaintiff's repeated failure to comply with her Individual Practices in Civil Cases.  See Id. at ECF Docket Entry 24.

On February 19, 2019, the Hon. Stewart D. Aaron, U.S.M.J. issued an Order noting Plaintiff's failure to timely file proof of service of the summons and complaint.  See Hashimi v. Muscle Maker Corp., LLC, No.: 1:18-cv-10474 (PGG) (SDA), ECF Docket Entry 10.

---

[3] It is respectfully submitted that this Court can and should take judicial notice of all of these filings.  See Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts ... to establish the fact of such litigation and related filings"); see also Global Network Commc'ns Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006).

[4] Plaintiff has filed approximately forty-seven (47) cases between June 6, 2018 and August 29, 2024 according to PACER.  See Reply Declaration of Emanuel Kataev, Esq. ("Kataev Decl.") ¶ 3, Exhibit ("Ex.") A.  Of those, only eight (8) remain pending.  Id.

On March 18, 2020, the Hon. Barbara C. Moses, U.S.M.J. issued an Order to show cause as to why Plaintiff's complaint should not be dismissed pursuant to Rule 4(m) for failure to serve the defendants.  See Hashimi v. Divan, Inc., No.: 1:19-cv-10984 (PAE) (BCM), ECF Docket Entry 9.

On April 29, 2020, the Hon. Sanket J. Bulsara, U.S.M.J. ("Judge Bulsara") issued a text-only Order noting the parties' failure to file a stipulation of dismissal by March 16, 2020 and requiring the parties to appear for a telephonic conference on May 14, 2020.  See Hashimi v. Uncle Peter's Bar & Grill, Inc., No.: 1:19-cv-3495 (ENV) (SJB).  Rather than comply with Judge Bulsara's Order, Plaintiff sought and received an adjournment with an express Order to file a stipulation of dismissal on or before June 15, 2020.  Id., Text Only Order dated May 14, 2020 and ECF Docket Entry 14.  Plaintiff failed to timely do so, and instead sought an extension of time on June 29, 2020, fourteen (14) days late.  See Id. at ECF Docket Entry 15.

On May 27, 2020, the Hon. Paul J. Oetken, U.S.D.J. ("Judge Oetken") issued an Order noting that there has been no communication with the Court since the filing of a letter on February 24, 2020.  See Hashimi v. Satelip Restaurant Corp., No.: 1:19-cv-4360 (JPO) (KHP), ECF Docket Entry 22.  On June 2, 2021, Judge Oetken noted in a separate text-only Order that the parties failed to file a stipulation of dismissal despite a representation that one would be filed on January 7, 2021.  See Id.

On December 28, 2020, the Hon. Roanne L. Mann, U.S.M.J. issued a text-only Order to show cause as to why Plaintiff's case should not be dismissed with prejudice for failure to prosecute because Plaintiff had taken no action to move the case forward since securing a certificate of default on August 4, 2020.  See Hashimi v. Clmo, LLC, No.: 1:20-cv-1073 (DG) (RLM).

On April 20, 2022, Plaintiff's case was administratively closed due to his failure to file an initial pleading. See Hashimi v. 12th & 1st DE LLC, No.: 1:22-cv-3059 (LTS), ECF Docket Entry 1. Rather than correct this deficiency, Plaintiff refiled the case under a separate case number. See No.: 1:22-cv-3061 (ALC). There, the Hon. Andrew L. Carter, U.S.D.J. issued an Order to show cause on January 26, 2023 as to why the case should not be dismissed for failure to prosecute because Plaintiff failed to move for a default judgment despite receiving certificates of default four (4) months prior. See Id., ECF Docket Entry 21.

On June 7, 2024, the Hon. Dora Lizette Irizarry, U.S.D.J. ("Judge Irizarry") issued a text-only Order providing notice of impending dismissal for Plaintiff's failure to comply with Rule 4 in filing proof of service of the summons and complaint. See Hashimi, v. Si Hua Inc, No.: 1:24-cv-1605 (DLI) (RML). Judge Irrizary warned Plaintiff twice more that month on June 14 and 25 that failure to comply with her Orders and the Rules will result in dismissal. Id.

## ARGUMENT

### A. Plaintiff's Cavalier and Repeated Disregard for Court Orders is Extreme

Plaintiff argues that the Second Circuit has warned the sanction of dismissal has harsh consequences for clients who may be blameless and that such a sanction should only be used in extreme situations. However, Plaintiff fails to explain why he is blameless nor why his repeated and habitual failure to comply with Court Orders is not extreme.

*First*, as a matter of law, Plaintiff cannot be held blameless for his attorney's misconduct. See Exec. Bus. Sys., Inc. v. Philips Bus. Sys., Inc., 539 F. Supp. 76, 80 (E.D.N.Y. 1982) ("It is quite elementary that an attorney stands in the shoes of an agent in his dealings with third parties on behalf of his principal, the client in this case") (citing Davis v. United Fruit Co., 402 F.2d 328 (2d Cir. 1968). His attorney acts for Plaintiff and he must be held accountable as such.

*Second*, given the pervasive pattern and practice of routine non-compliance of court Orders demonstrated herein, beginning in 2018 and continuing unabated for six (6) years to date, Plaintiff's conduct is sufficiently extreme to warrant relief under Rule 41.

Indeed, Plaintiff has grown so accustomed to ignoring court-Ordered deadlines, he simply files untimely documents whenever he pleases knowing that the Court will excuse his behavior. However, this Court should put an end to such conduct as previous courts have. See, e.g., Zappin v. Cooper, No. 20-CIV.-2669 (ER), 2022 WL 985634, at *9 (S.D.N.Y. Mar. 31, 2022), reconsideration denied, 2023 WL 1783727 (S.D.N.Y. Feb. 6, 2023) (granting filing injunction against serial litigant, who filed sixteen (16) cases, and failed to comply with court orders and deadlines) ("Judge Failla found Zappin repeatedly ignored Court-imposed deadlines and flouted multiple Court orders 'over a period of months and with abiding disdain for the Court[.]' Zappin, 2018 WL 2376502, at *6–8. Judge Failla also noted that 'the Court has no reason to believe that [Zappin] will ever view this Court's orders and deadlines as binding on him,' and she did not believe she could afford him the right to be heard on the merits 'without doing considerable violence to the Court's right to have its orders followed ...'"); see also Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) ("all litigants … have an obligation to comply with court orders," noting that failure to comply may result in sanctions, including dismissal with prejudice) (citing Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990)).

*Third*, Plaintiff argues that his failure to comply with this Court's Orders caused only a nine (9) day delay such that the delay was not extreme. This argument entirely misses the mark, as it fails to address Plaintiff's repeated failures to comply with Court Orders in this case and other cases. In that regard, honing in on the alleged nine (9) day delay without looking at the totality of the circumstances, as required for a Rule 41(b) motion, is as myopic as it is misguided.

5

Just recently, the Second Circuit decided that "although missing a deadline by four days is not a significant delay, Long's failure to comply with court orders began a month earlier in January 2023 and must be viewed in light of [his] failure to prosecute the case for significant stretches of time …." See Long v. Lian, 2024 WL 4212190, at *2 (2d Cir. Sept. 17, 2024).

*Fourth*, while Plaintiff has attempted to explain his failure to file an amended complaint due to a calendaring error, he fails to accompany his unsworn memorandum of law with any declaration averring to any such inadvertence. The statements of fact set forth in the unsworn memorandum of law must therefore be summarily rejected. See, e.g., Tzilin v. Jimmy G Constr. Corp., No. 23-CIV.-4047 (ENV) (MMH), 2024 WL 4309775, at *11 (E.D.N.Y. Sept. 26, 2024) ("Counsel's unsworn assertions … with no citation to admissible evidence, are inadequate"); see also Giannullo v. City of New York, 322 F.3d 139, 142 (2d Cir. 2003) (stating that a memorandum of law "is not evidence at all"); Kulhawik v. Holder, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence").

*Fifth*, nor did Plaintiff at any time move or cross-move for an extension of time providing the existence of good cause and excusable neglect as is required by Rule 6 for this Court to consider late filings. See Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect"). Critically, mis-calendaring a deadline by Plaintiff's counsel does not constitute good cause. See Duval v. U.S. Xpress Enterprises, Inc., No. 03-CIV.-812 (DNH) (DRH), 2005 WL 6021864, at *2 (N.D.N.Y. Oct. 13, 2005) ("[t]he mistake or inadvertence of counsel will not support a finding of good cause").

In circumstances such as in this case, where there has been zero effort, let alone evidence, to establish good cause and excusable neglect, this Court should dismiss for failure to prosecute.

Indeed, courts have done just that where a plaintiff fails to establish good cause and excusable neglect. See Canini v. U.S. Dep't of Just. Fed. Bureau of Prisons, No. 04-CIV.-9049 (CSH), 2008 WL 818696, at *7 (S.D.N.Y. Mar. 26, 2008) ("plaintiff has not provided 'highly convincing evidence' of excusable neglect nor shown 'good cause for his failure to act sooner.' … [B]ecause plaintiff has shown little interest in pursuing this matter and counsel likewise made no diligent effort to prosecute this action, … a sanction less than dismissal is unwarranted …").

### B. Plaintiff was on Notice that Failure to Comply will Lead to Dismissal

Plaintiff argues that he was not placed on sufficient notice that his failure to comply with the August 29, 2024 Order would result in dismissal notwithstanding the prior June 27, 2024 warning just that. This argument is meritless, as courts routinely rely on previous warnings to support Rule 41(b) dismissals. See, e.g., Wills v. Haxhari, No. 1:23-CIV.-4840 (MKV), 2024 WL 3758601, at *3 (S.D.N.Y. Aug. 12, 2024) ("the Court has clearly and repeatedly put Plaintiff on notice that failure to comply with court orders and prosecute this case could result in dismissal. The Court has issued two prior Orders [t]o Show Cause why the case should not be dismissed … Over the life of this case, the Court has warned Plaintiff about the possibility of dismissal at least six times … The Court also put Plaintiff personally 'on notice that it is ultimately his responsibility to prosecute his case, which may be dismissed because of his chosen counsel's conduct.' … These warnings 'indisputably gave [Plaintiff] notice' that his case 'would be dismissed for future transgressions'") (citing Mitchell v. Lyons Pro. Servs., Inc., 708 F.3d 463, 468 (2d Cir. 2013)); see also Chidume v. Greenburgh-North Castle Union Free Sch. Dist., No. 18-CIV.-1790 (PMH), 2021 WL 195948, at *2–3 (S.D.N.Y. Jan. 20, 2021) (dismissing case for failure to prosecute under Rule 41(b) where plaintiff failed to comply with two Court orders and was *previously warned* that failure to comply would result in dismissal) (emphasis added).

7

As such, a prior warning is sufficient to meet the notice element under the second factor.

### C.     Defendants are Prejudiced by Plaintiff's Delays

Plaintiff also argues that Defendants have not been "severely" prejudiced, which misstates the test under the third factor. No such severity is necessary to meet this factor. Simply, because memories fade and evidence can be lost over time, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." See Long v. Lian, 2024 WL 4212190, at *2. This is sufficient to meet the standard set forth in Baptiste v. Sommers, 768 F.3d 212 (2d Cir. 2014).

Accordingly, this factor also militates in favor of dismissal.

### D.     This Court's Interest in Managing its Docket Outweighs Plaintiff's Interest

Plaintiff further argues that he did not swamp the court with irrelevant or obstructionist filings such that there was cause to find that Plaintiff's conduct congested the court's docket. However, this is simply not the standard to measure the fourth factor.

The Court requires parties to comply with the Rules and obey Orders. Due to the COVID-19 pandemic, courts have been increasingly congested such that parties who do not actually prosecute their cases without the Court standing over them to remind them of each deadline cause additional unnecessary burdens on the Court. See Lau v. Fauci, No. 1:22-CIV.-436 (BKS) (DJS), 2024 WL 2053126, at *2 (N.D.N.Y. Mar. 28, 2024), report and recommendation adopted, 2024 WL 1714559 (N.D.N.Y. Apr. 22, 2024) ("under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiffs' right to receive a further chance to be heard in this case and weighs in favor of the dismissal of this action, where Plaintiffs have failed to comply with specific Court orders and rules and are unreachable"); see also Stephanski v. Allen, No. 9:18-CIV.-76 (BKS) (CFH), 2023 WL 356164, at *4 (N.D.N.Y. Jan. 23, 2023) ("This Court has a full trial docket, with a backlog of trials resulting from the Covid-19 pandemic"). This Court is no different.

8

As such, this factor similarly militates in favor of dismissal.

**E. No Sanction Short of Dismissal Will be Effective**

A sanction short of dismissal is unlikely to be effective in light of Plaintiff's demonstrated penchant for failing to comply with Court Orders in this case and as a whole for Plaintiff's entire career as a serial litigant in both the United States District Courts for the Southern and Eastern Districts of New York.

Plaintiff's reliance on Baptiste is misplaced. There, the Second Circuit reversed a Rule 41(b) dismissal because the district court below failed to weigh the factors in its decision; this has not and will not happen, as the parties here have fully briefed the requisite factors. In addition, the plaintiff in Baptiste was *pro se*, which renders it inapposite. Further, Baptiste is over a decade old and the Second Circuit has recently affirmed dismissal under Rule 41(b) where there was a four (4) day delay coupled with prior transgressions of previous Orders. See Long v. Lian, *supra*.

In that regard, Plaintiff's unsworn statement in his memorandum of law that he will "push the action forward swiftly with [his] utmost compliance" simply rings hollow. A leopard does not change its spots and a zebra does not change its stripes. Plaintiff will continue to fail to comply with Court Orders and deadlines with reckless abandon, without justifying the need for an extension of time by providing actual evidence of good cause or excusable neglect (as he has failed to do here on several occasions) for time immemorial until Plaintiff receives an Order of dismissal for failure to prosecute. Defendants respectfully submit that it is nigh time for such an Order.

Accordingly, this factor similarly militates in favor of dismissal for failure to prosecute.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's complaint must be dismissed for failure to prosecute with prejudice.

Dated: Jamaica, New York
      October 21, 2024                     Respectfully submitted,

                                          **SAGE LEGAL LLC**

                                          */s/ Emanuel Kataev, Esq.*
                                          Emanuel Kataev, Esq.
                                          18211 Jamaica Avenue
                                          Jamaica, NY 11423-2327
                                          (718) 412-2421 (office)
                                          (917) 807-7819 (cellular)
                                          (718) 489-4155 (facsimile)
                                          emanuel@sagelegal.nyc

                                          *Attorneys for Defendants*
                                          *Bicu's Playground LLC and*
                                          *Dani Pizza & Rest Corp.*

**VIA ECF**
Barducci Law Firm, PLLC
<u>Attn</u>: Maria-Costanza Barducci, Esq.
5 West 19th Street, 10th Floor
New York, NY 10011-4216
mc@barduccilaw.com

*Attorneys for Plaintiff*
*Abeth Hashimi*

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Eric Komitee, U.S.D.J.
225 Cadman Plaza East
Courtroom 6G North
Brooklyn, NY 11201-1804